a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KOSSI DEGBE, Plaintiff | CIVIL DOCKET NO. 1:21-CV-00241 SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| KEITH DEVILLE ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and Motions for Preliminary Injunction (ECF Nos. 2, 10) filed by Petitioner Kossi Degbe ("Degbe"). At the time of filing, Degbe was a detainee in the custody of the Bureau of Immigration and Customs Enforcement.

Because Degbe has been deported, his Petition and Motions should be DISMISSED for lack of jurisdiction.

I. Background

Degbe is a native and citizen of the Togo. ECF Nos. 1; 17-2 at 1. Debge alleges that he has been in post-removal order detention for more than six months, and his removal is unlikely to occur in the reasonably foreseeable future. ECF Nos. 1; 2; 10. Thus, Degbe alleges that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.*

1

According to the Declaration of Acting Assistant Field Office Director Ragan Lewis, Degbe was removed from the United States on a charter flight on May 26, 2021. ECF No. 19-1.

## II. Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Because Degbe has been removed, the § 2241 Petition seeking release under *Zadvydas* is moot. *See Morales-Morales v. Barr,* 933 F.3d 456, 462 (5th Cir. 2019) ("Because Morales-Morales is no longer detained and has already been deported, her challenge to her detention is moot."); *Jubril v. DHS/ICE, 2021 WL 955249, at \*2 (N.D.Tex., 2021) Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. July 17, 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. July 31, 2019). If a controversy is moot, the court lacks subject

matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

### III. Conclusion

Because the Court lacks jurisdiction, IT IS RECOMMENDED that the Petition (ECF No. 1) and Motions for Preliminary Injunction (ECF Nos. 2, 10) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, July 12, 2021.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE